Terri Lee HALDERMAN, a retarded citizen, by her mother and guardian, Winifred Halderman; et al., Plaintiffs-Intervenors,

v.

PENNHURST STATE SCHOOL & HOSPITAL, et al.

Appeal of Helen O'BANNON, Jennifer Howse, Russell Rice and George Kopchick, "Commonwealth" Defendants.

Nos. 81-2448, 81-2449.

United States Court of Appeals, Third Circuit.

Hearing En Banc.

Argued Nov. 23, 1981.

Decided Feb. 26, 1982.

LeRoy S. Zimmerman, Atty. Gen., Allen C. Warshaw, Deputy Atty. Gen., Chief, Special Litigation (argued), Robert B. Hoffman, Deputy Atty. Gen., Harrisburg, Pa., for appellants.

David Ferleger, Philadelphia, Pa., Penelope A. Boyd (argued), Philadelphia, Pa., for Terri Lee Halderman, et al.

Thomas K. Gilhool, Esquire (argued), Frank J. Laski, Public Interest Law Center of Philadelphia, Philadelphia, Pa., for Pennsylvania Association for Retarded Citizens, et al.

Alexander Ewing, Jr., Asst. U. S. Atty., Philadelphia, Pa., Louise A. Lerner, Asst. Atty. Gen., U. S. Dept. of Justice, Washington, D. C., for United States.

## OPINION OF THE COURT

PER CURIAM

These are appeals from two orders entered on July 14, 1981 directing the Commonwealth of Pennsylvania to fund the costs of operation for one month of the Special Master and the Hearing Master provided for in earlier orders entered in the cause. The Notice of Appeal reads:

"Commonwealth" Defendants Helen O'Bannon, Jennifer Howse, Russell Rice and George Kopchick hereby appeal from the Order of July 14, 1981 regarding payments for operation of the Special Master.

Thus the Department of Public Welfare, Commonwealth of Pennsylvania, the party to which the July 14, 1981 orders are directed, did not appeal, although it did appeal in No. 81-2381. Since none of the appellants listed in the above notice of appeal in these appeals is a party aggrieved by the July 14, 1981 orders the appeals shall be dismissed.

SEITZ, Chief Judge, concurring.

I agree that the appeals from the payment orders of July 14, 1981 should be dismissed, but reach that conclusion for a different reason. The basis of our jurisdiction in the appeals from the district court's order of March 17, 1978 is 28 U.S.C. § 1292(a)(1)(1976). Because plaintiffs' attorneys' fees incurred in securing the injunction have not been set, we do not have jurisdiction of those appeals under 28 U.S.C. § 1291 (1976). *See Croker v. The Boeing Co. (Vertol Division),* 662 F.2d 975, 983-84 (3d Cir. 1981) (in banc).

Since there has not been a final decision in this case, the payment orders are interlocutory. *See* 5A Moore's Federal Practice ¶ 53.04[2], at 53-34 (1980). The payment

orders will merge into the eventual final decision, and will be appealable at that time. Nor do we have jurisdiction under section 1292(a)(1), because the payment orders are not injunctions. Thus the appeals from the payment orders should be dismissed.

GARTH, Circuit Judge, dissenting, with whom JAMES HUNTER, III, Circuit Judge joins.

I dissent from the majority's dismissal of the appeals of the two payment orders of July 14, 1981. In my view, appeals of those orders *were* taken by aggrieved parties, and this court has jurisdiction over those appeals, in conjunction with the appeal from the district court's original injunctive order of March 17, 1978, by virtue of 28 U.S.C. § 1292(a)(1). In accordance with the views I have set out in my separate opinion in Nos. 78–1490, –1564, and –1602, see 673 F.2d at 662–71, moreover, I would reverse the district court's orders of July 14, 1981.

I.

I cannot agree with the majority's strained argument that the July 14, 1981, payment orders were never appealed by an aggrieved party. Even reading the notice of appeal in the narrowest possible fashion, it is clear that Helen O'Bannon and other Commonwealth officials did take an appeal. To hold now, as the majority does, that these officials were not "aggrieved" by the July 14th payment orders, must surely come as a surprise not only to the parties but to the district court, which went so far as to hold Secretary O'Bannon in contempt for failure to comply with those payment or-

ders. A reading of the full record of proceedings before the district court makes it clear beyond peradventure that the district court referred interchangeably to the Commonwealth officials and the Commonwealth itself as the "Commonwealth defendants." Thus, in my view, timely appeals of the orders of July 14, 1981, were in fact taken by aggrieved parties, and those two appeals, in Nos. 81–2448 and 81–2449, are now properly before this court.

II.

I would hold that the district court's orders of July 14, 1981, requiring that Pennsylvania pay the expenses of the Special Master and the Hearing Master for August, 1981, are appealable under 28 U.S.C. § 1292(a)(1). I recognize that payment orders ordinarily are not "injunctions," but in the circumstances of this particular case, the two orders of July 14, 1981, constitute an integral part of the district court's injunctive order of March 17, 1978. That order specifically states that

[t]he Master and his or her staff shall be compensated by commonwealth defendants at a rate to be set by the Court; the expenses of the mastership shall be borne by the commonwealth defendants. The Master shall promptly submit to the Court a form of Order with respect to these matters.

*Halderman v. Pennhurst State School & Hospital*, 446 F.Supp. 1295, 1327 (E.D.Pa. 1978). Clearly, the order of March 17, 1978, specifically contemplated the issuance of the future payment orders, including those of July 14, 1981, which are the subject of the appeals in Nos. 81–2448 and 81–2449.[1]

1. I realize that the appeal in No. 81–2448 contests the district court's July 14th order to pay for the expenses of the Hearing Master, and that the office of the Hearing Master was created not by the district court's original injunctive order of March 17, 1978, but by a subsequent order of April 24, 1980. I also recognize that Pennsylvania did not take an appeal from the district court's order of April 24, 1980.

As a general matter, I would agree that where a party fails to contest an injunctive order appointing a Master, this court has no jurisdiction under § 1292(a)(1) to hear an ap-

peal from subsequent payment orders. Such orders would be appealable, if at all, only under § 1291. In the particular circumstances of this case, however, I believe that the Commonwealth's failure to take an appeal from the order appointing a Hearing Master poses no bar to this court's § 1292 jurisdiction over the appeal in No. 81–2448. In establishing a Hearing Master, the district court did no more than follow this court's specific directions in its previous *en banc* decision. To have appealed to this court to reverse the district court's order of April 24, 1980, then, would

Indeed, the order of March 17, 1978, would have been nugatory without those subsequent payment orders, which assured as a practical matter that the Master's office would have sufficient funds to carry out its functions. Given that the payment orders of July 14, 1981, were so closely tied in with and essential to the order of March 17, 1978, which was properly appealed under § 1292(a)(1), I would therefore, in the particular circumstances of this case, hold them appealable as injunctive orders.

### III.

As far as the merits of the payment appeals are concerned, I would reverse the orders of July 14, 1981.

I disagree with the majority's contention that the Commonwealth has conceded the validity of the payment orders, and rested its case solely on the "impossibility" of complying with them. See Appellants' Reply Brief in No. 81–2381, at 6 n.7 (noting that "defendants do not contend that the June 4, 1981 orders requiring payment to the Masters were improper when issued (*except, of course, to the extent that defendants continue to challenge the general propriety of a court-appointed Master in this case*")) (emphasis supplied).[2] As the appointment of a Master was improper, the payment orders of July 14, 1981, were likewise improper and should be reversed.

I therefore cannot agree that the payment orders are not appealable, and in this respect also, I am obliged to dissent from the majority and Chief Judge Seitz's opinions.

have been a sterile and meaningless exercise: the matter of the validity of the appointment of a Hearing Master had already been decided by us, and at this court's express direction, the Hearing Master was incorporated into the injunctive order of March 17, 1978. Thus, an appeal from the July 14th order directing payment to the Hearing Master, taken in conjunction with an appeal from the order of March 17, 1978, is properly before this court under § 1292.

**2.** Pennsylvania, however, did not appeal from the June 4th order—or from any payment order other than the payment orders of July 14, 1981 —so I would agree that the validity of all payment orders from which no appeal was taken is not before this court.